ESTATE OF JAFUTA: RUTKOWSKI, Special Administratrix, Appellant, vs. JAFUTA, Respondent.

*November 10—December 7, 1954.*

For the appellant there was a brief by *Rubin, Ruppa & Wegner,* attorneys, and *William B. Rubin* of counsel, all of Milwaukee, and oral argument by *William B. Rubin.*

For the respondent there was a brief and oral argument by *Jerome F. Byrne,* attorney, and *Charles A. Thekan* of counsel, both of Milwaukee.

CURRIE, J.    Counsel for the appellant petitioner rely upon the decisions in *Estate of King* (1952), 261 Wis. 266, 52 N. W. (2d) 885, and *Vesey v. Vesey* (1952), 237 Minn. 295, 54 N. W. (2d) 385, 32 A. L. R. (2d) 1090, in seeking a reversal of the judgment of the trial court.

In *Estate of King, supra,* a husband and wife owned real and personal property in joint tenancy. The husband murdered the wife and committed suicide. This court held that by reason of the murder the husband's right of survivorship became inoperative, but that the status of the slain wife as joint tenant continued in her administrator and heirs so that

when the husband died by suicide her administrator took the personalty and her heirs the real estate, and the husband's administrator and heirs took nothing.

The case of *Vesey v. Vesey, supra,* reached the Minnesota supreme court upon the pleadings. A husband and wife owned bank deposits in two banks in joint tenancy. The husband died survived by his wife, a defendant in the action. Children by a prior marriage instituted an action in which they sought to have it adjudged that the widow was not entitled to the funds covered by such bank deposits and that the banks be ordered to pay such funds over to the administrator of the deceased for the benefit of the plaintiffs. The complaint alleged that the deceased had a serious heart ailment, aggravated by chronic asthma, which heart condition was unknown to the deceased; and that the defendant widow "wilfully and feloniously" caused the death of the decedent by coercing him to walk with her through deep snow on a cold and windy day, which exertion and exposure caused his death. A demurrer was interposed to the complaint which was sustained by the trial court. The Minnesota supreme court reversed, holding that, by reason of the demurrer, all facts pleaded in the complaint must be taken as true on appeal, and such facts established a cause of action. Among the authorities cited in support of such conclusion was *Estate of King, supra.*

However, in the instant case, unlike in *Vesey v. Vesey, supra,* the appeal does not reach us on the pleadings but after there has been a trial upon the merits resulting in a specific finding having been made by the trial court that there is no evidence that Pearl Jafuta caused her husband to drink intoxicants excessively so as to shorten his life, and that proof "is utterly lacking" that she caused his death. As we view it, the issue on this appeal is whether such finding is against the great weight and clear preponderance of the evidence.

Joseph Jafuta was found dead in bed, and lying next to his right arm was a half-pint bottle of whiskey. The official death certificate stated the cause of death to be "Myocardial degeneration with fibrosis" due to "coronary sclerosis." Under the heading of "Other significant conditions" the certificate listed "Obesity and acute alcoholism." He had been a heavy drinker for at least nine years prior to his death.

The deceased was survived by five adult children by his first marriage in addition to Pearl Jafuta, his second wife. The petitioner, Helen Rutkowski, was one of such five children and she and another daughter both testified that they had warned Pearl Jafuta not to give their father intoxicating liquor, and a son-in-law, who was a member of the Milwaukee police force, testified that he also had given Pearl Jafuta a similar admonition. Two physicians whom Joseph Jafuta had consulted because of illness caused by excessive drinking had told him in the presence of Pearl Jafuta that he should stop the use of intoxicating liquor because otherwise it would cause his death.

Pearl Jafuta admitted that on two occasions she had purchased whiskey for Joseph and brought it home, but stated that if she had not done so he would have gone and gotten it himself. The proprietor of a neighborhood tavern which Joseph patronized daily after work testified that Joseph would cash his pay checks at such tavern and that Pearl would accompany him on such occasions. On other than paydays Joseph's cash in pocket would be usually limited to seventy-five cents or a dollar, and Pearl issued instructions to such tavern operator never to permit Joseph to charge drinks, but to only sell him liquor to the extent that he had cash on his person to pay for the same. The reasonable inference to be drawn from this testimony is that Pearl endeavored to limit Joseph's drinking by strictly limiting his daily allowance of cash spending money.

Joseph's employment record with respect to days absent from work is also highly significant. For forty-two years prior to his death he was employed as a machinist's helper in the shops of the Chicago, Milwaukee, St. Paul & Pacific Railroad Company. In 1950 he was absent forty-nine days from work, all but one day of which occurred prior to his marriage to Pearl on November 11, 1950. In 1951 such absences were reduced to thirty-three, and in 1952 they were materially further diminished to only thirteen days. He died on Monday, February 9, 1953, and the only day he was absent from work in 1953 was the Friday preceding his death. This evidence is scarcely compatible with petitioner's theory that Pearl was engaged in a deliberately planned attempt to bring about Joseph's death by encouraging him in furthering his addiction to the use of intoxicants.

We deem that the foregoing summary of the evidence on the issue of Pearl Jafuta's intent to cause or hasten the death of her husband clearly demonstrates that the finding of the learned trial court, that petitioner has utterly failed to establish such intent, must be sustained by this court.

*By the Court.*—Judgment affirmed.